

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00241-CR

_____

JOHNNY HILIBERTO LOPEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Castro County, Texas
Trial Court No. A3473-1304; Honorable Robert W. Kinkaid, Jr., Presiding

December 17, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In April 2013, Appellant, Johnny Hiliberto Lopez, Jr., was granted deferred adjudication community supervision for five years and assessed a $1,000 fine for possession of methamphetamine in an amount of one gram or more but less than four.[1] On February 13, 2014, the State moved to proceed with adjudication of guilt alleging Appellant violated numerous terms and conditions of community supervision. Following

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). An offense under this section is a third degree felony. *Id.*

a hearing on the State's motion, the trial court found Appellant had violated his community supervision, adjudicated him guilty of the charged offense and assessed punishment at six years confinement and a $2,000 fine. In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, the record reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of his right to review the record and file a *pro se* response if he desired to do so,[3] and (3) informing him of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should

---

[2]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[3] This Court is aware of the decision in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. The duty to send the client a copy of the court of appeals's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a brief.

The State originally alleged eight of the terms and conditions of community supervision had been violated. At the revocation hearing, the State abandoned the first and fifth paragraphs and Appellant entered pleas of true to the remaining six. After Appellant was properly admonished, his community supervision officer confirmed the violations and recommended adjudication of guilt and revocation of community supervision to the trial court.

By the *Anders* brief, counsel represents she has found no arguable issues to present to this Court. "While arguable grounds of error should be advanced by counsel for an indigent appellant . . . *Anders* should not be interpreted as requiring appointed counsel to make arguments [she] would not consider worthy of inclusion in a brief for a paying client or to urge reversal if in fact [she] can find no merit in the appeal." *See Currie v. State*, 516 S.W.2d 684 (Tex. 1974).

STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the

State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Additionally, a plea of true standing alone is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel that there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

4